UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
: 
DISCOVER GROWTH FUND, LLC, :
: **ORDER AND OPINION**
Plaintiff, : **GRANTING MOTION FOR**
-against- : **DEFAULT JUDGMENT**
:
OWC PHARMACEUTICAL RESEARCH : 20 Civ. 2857 (AKH)
CORP., :
:
Defendant. :
:
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On April 6, 2020, Plaintiff Discover filed the Complaint in this action, asserting a claim against Defendant OWCP for breach of contract. ECF No. 1 ¶ 8. Plaintiff alleged that Defendant had breached its contractual obligations pursuant to the Parties' Securities Purchase Agreement ("SPA") §§ 4(c) & (e), ECF No. 1-A, and their Registration Rights Agreement (the "RRA") §§ 8(a)-(b), ECF No. 1-B.

Defendant initially appeared through counsel, but has been unrepresented since November 18, 2022, when its counsel withdrew and was not replaced. ECF No. 55. Defendant has failed to comply with a preliminary injunction issued April 29, 2020, ECF No. 18.

Plaintiff filed a motion for default judgment on January 20, 2023. ECF No. 60. Defendant did not oppose. The motion is granted.

## BACKGROUND

The following facts are taken from the Complaint, and for purposes of deciding this motion, all of Plaintiff's allegations, except those related to damages, are accepted as true. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

1

OWCP is a public company whose stock was publicly traded "over-the-counter," on the OTCQB, primarily listing shares of new and developing companies, under the ticker symbol OWCP. The company's shares have not traded above approximately one cent since April 2020.

On or about April 25, 2018, Plaintiff bought 500 shares of Series A Convertible Preferred Stock for $5 million pursuant to a Securities Purchase Agreement (the "SPA"), ECF No. 1-A. Under the SPA, Defendant agreed to file the disclosure reports required by the Securities Laws, to enable Plaintiff to convert its preferred shares into common stock, at a discount of market price, and to sell the shares in the over-the-counter market. Plaintiff was able to convert, and sell, 119 of its shares. It continues to hold 381 shares.

On March 30, 2020, OWCP failed to file its 10-K for 2019, or an 8-K to enable a postponement until July 1, 2020. (A relief measure during the COVID-19 pandemic.) Instead, OWCP terminated registration of its shares, pursuant to Section 12(g) of the Exchange Act, 15 U.S.C. § 78l. In consequence, Plaintiff was unable to convert, and sell, 381 shares of convertible preferred shares.

Plaintiff filed this lawsuit; Defendant answered; and Plaintiff moved for, and on April 29, 2020, was awarded a preliminary injunction, compelling OWCP "to remain current in [its] public filing obligations under the Securities Exchange Act of 1934 ... as required by the [Securities Purchase Agreement] and the [Registration Rights Agreement]..." ECF No. 18. Defendant failed to comply and became unable to defend itself in the lawsuit, since it no longer is represented by counsel. Plaintiff's motion for judgment because of Defendant's default and on the merits is granted.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012). "Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 118 (S.D.N.Y. 2008) (internal citations omitted).

Rule 55(a) generally requires the Clerk of the Court, upon notification from the moving party, to note the default of the party failing to defend the suit. *Priestley*, 647 F.3d at 555 (citing Fed. R. Civ. P. 55). However, when a defaulting party has answered the Complaint, the Plaintiff cannot obtain an S.D.N.Y. Local Civil Rule 55.1 Clerk's Certificate of Default, and can apply directly to this Court for a default judgment.

"When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) (internal citation omitted).

Plaintiff bears the burden to demonstrate that its uncontroverted allegations, without more, establish the Defendants' liability on each asserted cause of action. *Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir. 2009). A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations, as they pertain to liability, are deemed true. *Id.* (noting that an entry of default establishes liability); *see also Morales v. Mw Bronx, Inc.*, 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (collecting cases).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(d); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). A plaintiff seeking to recover damages against a defaulting defendant also must prove its claim through the submission of evidence at an inquest. *See id.*

II. Analysis

    A. Jurisdiction

The jurisdictional prerequisites are satisfied. Taking all allegations as true, *see Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 176 (2d Cir. 2013), I have subject matter and personal jurisdiction. Plaintiff and all its constituent members are citizens of the United States Virgin Islands ("USVI") and have their principal place of business in St. Thomas, USVI. Defendant is a corporation that is a dual citizen of Delaware and Israel. The amount in controversy exceeds $75,000.00.

Personal jurisdiction also exists. Defendant has transacted and is transacting business in the State of New York and in this judicial district, and has submitted to the "exclusive jurisdiction of the state and federal courts sitting in The City of New York, Borough of Manhattan, for the adjudication of any dispute" in connection with the SPA. ECF No. 1-A at § 9(a).

    B. Procedural Requirements

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each claim alleged in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L. U.L.*

*Realty Corp.*, 973 F.2d 155, 158 (2nd Cir. 1992). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendant is liable as a matter of law as to each claim in the complaint.

Plaintiff has satisfied the procedural requirements of Rule 55. After Defendant was served with my preliminary injunction order and order to appoint new counsel, but failed to comply, Plaintiff moved for entry of default. Plaintiff now seeks an order of default judgment.

C. Liability

Because Defendants have failed to continue to defend this action after it had appeared, Plaintiff's allegations as to liability are deemed admitted. *See Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 118 (S.D.N.Y. 2008) ("Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party.") (internal citations omitted); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir.1997) ("[A] default judgment deems all the well-pleaded allegations in the pleadings to be admitted."); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir.1993); *Time Warner Cable v. Barnes*, 13 F.Supp.2d 543, 547 (S.D.N.Y.1998) ("Upon entry of a default judgment ... a defendant admits every well-pleaded allegation of the Complaint except those relating to damages." (internal citation omitted)). Defendants are thus liable for breach of contract.

1. Breach of Contract

To establish breach of contract, four elements must be proven: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing,*

*Inc.*, 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011). Plaintiff has fulfilled all elements of its breach of contract claim.

First, the Parties entered into two relevant agreements: the Securities Purchase Agreement and the Registration Rights Agreement. The agreements and Defendant's breach were discussed above. Plaintiff is entitled to damages, limited to the amount requested in its demand for judgment. *Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3 (citing Fed. R. Civ. P. 54(c) and *Scala v. Moore McCormack Lines, Inc.*, 985 F.2d 680, 683 (2d Cir. 1993)). A court need not hold a hearing if it has (i) determined the proper rule for calculating damages on the claim, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53–54 (2d Cir. 1993) (finding inquest on damages without hearing improper where based upon "single affidavit only partially based upon real numbers"); *see also Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59) ("[I]n lieu of a damages inquest hearing, the movant need only show by affidavit adequate support for the relief it seeks."). A hearing is not required.

Defendant's Certificate of Designations ("COD") filed with the Delaware Secretary of State and authorizing issuance of the convertible preferred shares prescribes how damages are to be calculated. ECF No. 62-3. Paragraph (tt) of the COD describes a "Triggering Event Conversion Amount," which is designed to quantify in dollars the value of the remaining OWCP preferred shares upon the occurrence of a Triggering Event, as defined in paragraphs (ss)

of the COD. *Id* at 16. Such a Triggering Event has occurred by reason of Defendant's breach of contract.

Under the COD, the Triggering Event Conversion Amount is the sum of (1) 125% of the Liquidation Preference plus (2) accrued but unpaid dividends plus (3) an additional dividend equal to 1.5%, compounded monthly, for the duration of the Triggering Event. *Id.* at ¶ (tt). The Liquidation Preference referred to in this formula is "120% of the Stated Value of a Preferred Share plus accrued but unpaid dividends." *Id* at ¶ (aa). The number of preferred shares outstanding is 381. The stated value of a preferred share is $10,000. *Id* at ¶ (kk). The annual dividend rate is 5%. *Id* at 4(a). The period for which accrued but unpaid dividends shall be calculated is from the issuance date, March 30, 2018, to December 31, 2022, the day to which Plaintiff is seeking damages. ECF No. 62-5. The total amount of accrued but unpaid dividends for this period is $890,391.78. *Id.* The Liquidation Preference is therefore $5,462,391.78. *Id.*

If I were to apply the formula, as Plaintiff requests, the damages would amount to $11,931,912.04. ECF Nos. 62 at 5, 62-5 at 2. The formula, however, gives Plaintiff a windfall and penalizes Defendant. The Liquidation Preference includes accrued dividends, and Plaintiff is given a 120% bonus on the stated value of each preferred share. There is no compensatory rationale for providing Plaintiff with a second sum of accrued but unpaid dividends. There is also no compensatory rationale for providing an additional dividend equal to 1.5%, compounded monthly. The award Plaintiff seeks would be so substantially disproportionate to the amount of loss that it would constitute an unenforceable penalty. *See e.g. 172 Van Duzer Realty Corp. v. Globe Alumni Student Assistance Ass'n, Inc.*, 24 N.Y.3d 528, 536, 25 N.E.3d 952, 957 (2014) ("Liquidated damages that constitute a penalty [] violate public policy, and are unenforceable.").

*See also Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 424, 361 N.E.2d 1015, 1018 (1977).

I award Plaintiff with 125% of the Liquidation Preference of $5,462,391.78, or $6,827,989.72. ECF Nos. 62, 62-5 (calculating the Liquidation Preference). This award entitles Plaintiff to 120% of the stated value of its outstanding preferred shares, $4,572,000, plus accrued but unpaid dividends, $890,391.78, plus an additional 25% of the Liquidation Preference, $1,395,597.94. This award is not so disproportionate to the amount of loss to constitute an unenforceable penalty, yet it is also sufficient to compensate Plaintiff for its expected benefits of the bargain.

## CONCLUSION

The Clerk shall enter judgment in Plaintiff's favor against Defendant in the amount of $6,827,989.72, plus interest. The Clerk shall terminate all open motions.

SO ORDERED.

Dated: May 8, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

8